IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CONNSERO,

      Plaintiff,                         CV F 07 0273 OWW WMW PC

      vs.                               ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

A. K. SCRIBNER,, et al.,

      Defendants.

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Salinas Valley State Prison, brings this civil rights action against defendant correctional officials at Corcoran State Prison.

      Though difficult to discern, it appears that Plaintiff's claim is that officials at CSP Corcoran improperly confiscated his property.  The complaint consists of vague and rambling allegations regarding the improper and unconstitutional taking of his property.

      Where a prisoner challenges the deprivation of a liberty or property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy.  See

1

1   Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984);
2   Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929
3   F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989).  This rule
4   applies to the Fifth Amendment's Due Process Clause as well.  Raditch, 929 F.2d at 481.  Thus,
5   where the state provides a meaningful postdeprivation remedy, only authorized, intentional
6   deprivations constitute actionable violations of the Due Process Clause.   Because California has
7   an adequate post-deprivation remedy, Clark has no cognizable claim under § 1983 for the
8   negligent or intentional deprivation of his property. See Barnett v. Centoni, 31 F.3d 813, 816-17
9   (9th Cir.1994).

10         The court finds the allegations in plaintiff's complaint vague and conclusory.   The court
11  has determined that the complaint does not contain a short and plain statement as required by
12  Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint
13  must give fair notice and state the elements of the claim plainly and succinctly.  Jones v.
14  Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
15  least some degree of particularity overt acts which defendants engaged in that support plaintiff's
16  claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P.
17  8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an
18  amended complaint.

19         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20  conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
22  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23  there is some affirmative link or connection between a defendant's actions and the claimed
24  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

26

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

**Dated:   March 17, 2008**             /s/  **William M. Wunderlich**
                              UNITED STATES MAGISTRATE JUDGE