IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CONNSERO,

    Plaintiff,                                  CV F 07 0273 OWW WMW PC

vs.                                         FINDING AND RECOMMENDATION

A. K. SCRIBNER,, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the April 16, 2008, first amended complaint filed in response to the March 17, 2008, order dismissing the original complaint with leave to amend. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Salinas Valley State Prison, brings this civil rights action against defendant correctional officials at Corcoran State Prison.

       In the order dismissing the original complaint, the court noted the following. Though difficult to discern, it appeared that Plaintiff's claimed that officials at CSP Corcoran improperly confiscated his property. The complaint consisted of vague and rambling allegations regarding the improper and unconstitutional taking of his property.

       Plaintiff was advised that where a prisoner challenges the deprivation of a liberty or

1

property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a constitutional claim where the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481 (9th Cir. 1991); Taylor v. Knapp, 871 f.2d 803, 805 (9th Cir. 1989).  This rule applies to the Fifth Amendment's Due Process Clause as well. Raditch, 929 F.2d at 481.  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.   Because California has an adequate post-deprivation remedy, Clark has no cognizable claim under § 1983 for the negligent or intentional deprivation of his property. See Barnett v. Centoni, 31 F.3d 813, 816-17  (9th Cir.1994).

The court found the allegations to be vague and conclusory.   The court therefore dismissed the complaint, granting Plaintiff leave to file an amended complaint.

In the first amended complaint, Plaintiff restates the allegations of the original complaint. Though Plaintiff does provide more factual specificity, the crux of his complaint is the same - defendant deprived him of his personal property in an unauthorized manner.   Plaintiff has been advised that California does have an adequate post-deprivation remedy.  The court therefore recommends dismissal of the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could grant relief.  See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b)(1)(B).  Within

1  thirty days after being served with these findings and recommendations, plaintiff may file written
2  objections with the court.  Such a document should be captioned "Objections to Magistrate
3  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
4  within the specified time waives all objections to the judge's findings of fact.  See Turner v.
5  Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file objections within the specified time
6  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th
7  Cir. 1991).

9          IT IS SO ORDERED.

10 **Dated:    April 21, 2008**                    /s/  William M. Wunderlich
                                          UNITED STATES MAGISTRATE JUDGE